**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **CHRISTOPHER J. KENNEDY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 26-CV-0599-CVE-CDL** |
| | ) | |
| **BOARD OF COUNTY COMMISSIONERS OF TULSA COUNTY et al.,** | ) | |
| | ) | |
| **Defendants** | ) | |

**OPINION AND ORDER**

Now before the Court are plaintiff's complaint (Dkt. # 1) and motion for leave to proceed in forma pauperis (Dkt. # 2). In reliance upon the representations and information set forth in plaintiff's motion to proceed in forma pauperis, the Court finds that the motion should be granted. Plaintiff is permitted to file and maintain this action to conclusion without prepayment of fees and costs. 28 U.S.C. § 1915(a). However, because authorization to proceed in forma pauperis excuses only prepayment of the fee, plaintiff remains obligated to pay the full $350 filing fee when he is able to do so. See Brown v. Eppler, 725 F.3d 1221, 1230-31 (10th Cir. 2013) (noting that authorization to proceed in forma pauperis only excuses prepayment of the filing fee). Because the Court authorizes plaintiff to proceed without prepayment, he is not required to pay the $55 administrative fee.

Plaintiff has obtained leave to proceed in forma pauperis, and the requirements of 28 U.S.C. § 1915 are applicable. See Lister, 408 F.3d at 1311. Section 1915(e)(2) requires a district court to dismiss a case if at any time the court determines that "the action . . . (i) is frivolous or malicious [or] (ii) fails to state a claim on which relief may be granted." A court reviewing a pro se plaintiff's complaint must broadly construe the complaint's allegations to determine if the plaintiff can state

a claim upon which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The court's generous construction of a pro se plaintiff's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if [a] court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." Id. A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Bell Atl. Corp. v.Twombly, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1175 (10th Cir. 1997).

Plaintiff alleges that he and his wife were driving to garage sales in Tulsa, Oklahoma when another driver, Daniel Castleberry, began to aggressively tailgate plaintiff's vehicle in an "extremely close and menacing manner." Dkt. # 1, at 4. Plaintiff claims that he sought to de-escalate the situation by pulling over to the side of the road and stopping his vehicle to allow Castleberry to pass him, and Castleberry also pulled over onto the lawn of a nearby residence. Castleberry exited his vehicle and told plaintiff to leave, but plaintiff engaged with Castleberry and criticized his driving in a "civil tone." Id. The situation escalated as Castleberry and plaintiff continued to converse, and plaintiff threatened to call the police as Castleberry began to punch the driver's side window. Id.

Plaintiff drove away as Castleberry pursued his vehicle on foot, and plaintiff eventually drove a safe distance away from Castleberry to call the police. Id. at 5. Plaintiff claims that Tulsa County Sheriff's Deputies Freddie Alaniz and Justin Melton arrived on the scene, and plaintiff initially told them he would not press charges against Castleberry if he received an apology. Id. Plaintiff states that Alaniz and Melton spoke to Castleberry, but they allegedly failed to conduct an investigation in Castleberry's background or conduct a thorough investigation. Alaniz and Melton allegedly discouraged plaintiff from filing a police report after Castleberry refused to apologize to plaintiff, but Melton "reluctantly" completed a police report at plaintiff's request. Id. at 6-7. Plaintiff claims the police report was "misclassified" as vandalism or disturbing the peace, instead of the true nature of the incident as an "assault and terroristic harassment." Id. at 7. Plaintiff claims that he had previously been diagnosed with Somatic Symptom Disorder, which was in remission, but the unprofessional conduct of Alaniz and Melton triggered a relapse of his condition. Id. at 7-8. Plaintiff filed this case alleging claims under 42 U.S.C. § 1983 (Count I), negligence (Count III), and negligent infliction of emotional distress (Count IV) against Alaniz and Melton, and he asserts claims negligent infliction of emotional distress (Count IV), intentional infliction of emotional distress (Count V), and assault (Count VI) against Castleberry. Plaintiff also asserts a § 1983 claim (Count II) against the Tulsa County Board of County Commissioners for failure to properly supervise Alaniz and Melton.

The Court will initially consider whether plaintiff has stated a § 1983 claim against Alaniz and Melton. Plaintiff alleges that Alaniz and Melton violated his Fourteenth Amendment rights to due process and equal protection by "exhibit[ing] deliberate indifference to Plaintiff's safety and victim rights," and he claims that their conduct triggered a "catastrophic" relapse of his Somatic

Sympton Disorder. Dkt. # 1, at 8. Plaintiff alleges that defendants' actions violated his rights to substantive and procedural due process under the Fourteenth Amendment. As to substantive due process, a plaintiff challenging executive tortious actions must allege that "government action deprived a person of life, liberty, or property in a manner so arbitrary it shocks the judicial conscience." Stepp v. Lockhart, 168 F.4th 1286, 1313 (10th Cir. 2026). Negligent actions are not sufficient to state a substantive due process claim, and a plaintiff "must do more than show that the government actor intentionally or recklessly caused injury to the plaintiff by abusing or misusing government power." Moore v. Guthrie, 438 F.3d 1036, 1040 (10th Cir. 2006). Only conduct that is "egregious and outrageous" such that a government actor used his or her authority as an "instrument of oppression" will rise to the level of a substantive due process violation. Hernandez v. Riley, 734 F.3d 1254, 1261 (10th Cir. 2013).

Neither Alaniz's nor Melton's alleged conduct was so egregious or outrageous that it could shock to conscience for the purpose of a substantive due process claim. Plaintiff perceived that Alaniz and Melton acted unprofessionally by downplaying the significance of his claims, and he claims that the alleged "gaslighting" by the officers triggered a relapse of a mental health problem. Dkt. # 1, at 7. However, he admits that Melton did file a police report, and he does not allege that Alaniz and Melton were aware of and intentionally sought to trigger a relapse of plaintiff's condition. At most, plaintiff has alleged that Alaniz and Melton acted unprofessionally and their conduct negligently caused plaintiff to suffer emotional harm as a result of the incident. This is wholly insufficient to state a substantive due process claim. As to an equal protection claim, plaintiff has not alleged that he was treated differently due to any particular status or classification, and the basis for this claim is unclear. Plaintiff has failed to state a § 1983 claim against Alaniz or Melton and,

for that reason, he has also failed to allege a valid supervisory liability claim against the board of county commissioners. Burke v. Regalado, 935 F.3d 960, 998 (10th Cir. 2019) (supervisory liability can be established only when there is an underlying constitutional violation by an individual actor).

Plaintiff has also alleged various state law claims against Alaniz, Melton, and Castleberry. Under 28 U.S.C. § 1367, the Court has supplemental jurisdiction over the parties' state law claims. However, district courts should decline to exercise supplemental jurisdiction when "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). A district court should consider "the nature and extent of pretrial proceedings, judicial economy, convenience, and fairness" when deciding whether to exercise supplemental jurisdiction over state law claims. Wittner v. Banner Health, 720 F.3d 770, 781 (10th Cir. 2013) (quoting Anglemyer v. Hamilton County Hosp., 58 F.3d 533, 541 (10th Cir. 1995)). Interests of comity and fairness typically favor allowing state courts to hear claims arising under state law absent "compelling circumstances" to the contrary. Ball v. Renner, 54 F.3d 664, 669 (10th Cir. 1995). The Court finds nothing exceptional about this case that would warrant the exercise of supplemental jurisdiction after the dismissal of plaintiff's federal law claims, and plaintiff's state law claims will be dismissed without prejudice to refiling.

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Dkt. # 2) is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's § 1983 claims (Counts I and II) are **dismissed** for failure to state a claim. Plaintiff's remaining claims are **dismissed without prejudice** for lack of subject matter jurisdiction. A separate judgment of dismissal is entered herewith.

**DATED** this 8th day of October, 2026.

Claire V Eagan

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE